IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re Milo's Kitchen Dog Treats )
Consolidated Cases, )
) Civil Action No. 12-1011
)
) Judge Cathy Bissoon
) Magistrate Judge Maureen P. Kelly
)
) Re: ECF Nos. 63, 66, and 72
)
)

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

This consolidated action, merged solely for the purpose of pretrial proceedings, is comprised of four cases brought against Defendants Milo's Kitchen, LLC ("Milo's") and Del Monte Corporation d/b/a Del Monte Foods ("Del Monte"), which manufacture, market, distribute and/or sell chicken jerky dog treats. The four individual cases have been brought by customers who purchased the treats and whose dogs became sick and/or died after consuming the treats.[1] Plaintiffs claim that the treats are unsafe, defective, dangerous, and do not conform to applicable implied and express warranties.

In one of the four cases, Plaintiff Langone also named two additional Defendants, King Soopers, Inc. ("King Soopers"), the store at which Langone purportedly purchased the dog treats, and The Kroger Co. ("Kroger"), King Soopers' parent company (collectively, "the Kroger Defendants"). See C.A. No. 13-709. On August 2, 2013, Defendants Milo's, Del Monte, and the Kroger Defendants filed a Motion to Dismiss, in which they argue, *inter alia*, that the Kroger Defendants should be dismissed from the case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of

---

[1] C.A. No. 12-1011 has been brought by Plaintiff Lisa Mazur; C.A. No. 13-518 has been brought by Plaintiff Maxine S. Ruff; C.A. No. 13-519 has been brought by Plaintiff Mary Emily Funke; and C.A. No. 13-709 has been brought by Plaintiff Christopher V. Langone ("Langone").

personal jurisdiction. ECF No. 66.[2] On August 5, 2013, Plaintiff Langone filed a Motion to Transfer Under 28 U.S.C. § 1631 ("the Motion to Transfer"), ECF No. 63,[3] in which he concedes that personal jurisdiction over the Kroger Defendants is lacking and asks the Court to sever the claims brought against the Kroger Defendants and transfer them to the District of Colorado. Plaintiff Langone also filed a Motion to Stay Briefing on the Defendants' Motion to Dismiss ("the Motion to Stay Briefing"), ECF No. 72, insofar as it pertains to the claims brought against the Kroger Defendants, so that the United States District Court for the District of Colorado can decide the issues raised in the Motion to Dismiss relative to the Kroger Defendants.

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion to Transfer, ECF No. 63, be granted as to Defendant King Soopers and denied as to Defendant Kroger, and that Plaintiff's Motion to Stay Briefing, ECF No. 72, be dismissed as moot. It is also recommended that the Motion to Dismiss filed by Defendants, ECF No. 66, be dismissed as moot insofar as it pertains to Defendant King Soopers, and granted to the extent Defendants seek dismissal of Defendant Kroger for lack of personal jurisdiction.

## II. REPORT

### A. PROCEDURAL BACKGROUND

Plaintiff Langone originally filed an action against Milo's, Del Monte and the Kroger Defendants on September 6, 2012, in the United States District Court for the Northern District of California. See C.A. No. 3:12-cv-4671 (N.D. Cal. 2012). On February 1, 2013, Defendants filed a Motion to Dismiss and Transfer or, in the Alternative, Dismiss Plaintiff's Complaint, id. at ECF No. 33, in which they argued that the Kroger Defendants should be dismissed from the action for lack of personal jurisdiction and that the case against the two remaining Defendants,

---

[2] See C.A. No. 2:13-cv-709 at ECF No. 16.

[3] See C.A. No. 2:13-cv-709 at ECF No. 20.

2

Milo's and Del Monte, should be transferred to the District Court for the Western District of Pennsylvania, where the related and first-filed "*Mazur* action" was already pending. Without responding to the Motion to Dismiss, Langone voluntarily dismissed the California action on February 21, 2013, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(1). Id. at ECF No. 36.

On May 21, 2013, Langone re-filed the action in this Court on May 21, 2013. See C.A. No. 2:13-cv-709. On August 2, 2013, Defendants filed a Motion to Dismiss asking the Court to dismiss the Kroger Defendants from the case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. ECF No. 66. Defendants also ask the Court to dismiss the action pursuant to the primary jurisdiction doctrine or, in the alternative, to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 66. Three days later, on August 5, 2013, Plaintiff Langone filed the Motion to Transfer in which he asks the Court to sever the claims, and transfer the portion of the case, against the Kroger Defendants to the District of Colorado. ECF No. 63.

On August 6, 2013, this case was consolidated with the *Mazur* action, as well as those brought against Milo's and Del Monte by Plaintiffs Ruff and Funke, at the above Civil Action Number: C.A. No. 2:12-cv-1011. ECF No. 62. Pursuant to the consolidation order, the parties re-filed their respective motions at that number. ECF Nos. 63, 66. In addition, on August 9, 2013, Langone filed the Motion to Stay Briefing on the Kroger Defendants' Motion to Dismiss, ECF No. 72, so that the issues raised therein can be decided by the United States District Court for the District of Colorado. Id. The Kroger Defendants filed briefs in opposition to Plaintiff's Motion to Transfer and Motion to Stay Briefing on September 6, 2013 and September 9, 2013, respectively. ECF Nos. 85, 87. Accordingly, both Motions are ripe for review.

B.  **DISCUSSION**

1. **Plaintiff Langone's Motion to Transfer (ECF No. 63)**

Plaintiff has moved to transfer this case to the District of Colorado pursuant to 28 U.S.C. § 1631, which provides that:

> Whenever a civil action is filed in a court ... or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such [federal] court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred.

28 U.S.C. § 1631. Thus, where a district court lacks personal jurisdiction over a case, it "shall" transfer the case to another court "if" the matter could have been brought in the transferee court and it would be in the interest of justice to do so. Abunasser v. Holder, 343 F. App'x 756, 759 n.3 (3d Cir. 2009), *citing* Britell v. U.S., 318 F.3d 70 (1st Cir. 2003); Forest Laboratories Inc. v. Cobalt Laboratories, Inc., 2009 WL 605745, at *12 (D. Del. Mar. 9, 2009), *Report and Recommendation adopted by* 2009 WL 2753427 (D. Del. Aug. 27, 2009). As found by the United States Court of Appeals for the First Circuit, it is evident from the "somewhat contradictory" statutory language "that Congress intended to create a rebuttable presumption in favor of transfer." Britell v. U.S., 318 F.3d at 73, *cited with approval in* Abunasser v. Holder, 343 F. App'x 756, 759 n.3.

Although the party seeking transfer bears the burden of establishing that the transferee court has personal jurisdiction over a defendant, prior to trial the "burden is light," and requires only a prima facie showing of jurisdiction. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 109-110 (3d Cir. 2009). Further, in order to assess whether transfer under Section 1631 would be in

4

the interest of justice, courts have considered whether transfer would unfairly benefit the proponent; whether transfer would impose an unwarranted hardship on the objector; and whether the transfer in a particular case would unduly burden the judicial system. D'Jamoos v. Pilatus Aircraft Ltd., 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009), *citing* Britell v. United States, 318 F.3d at 74. Moreover, under Section 1631, the court need not transfer the entire action but may "sever[] claims against some defendants from those against others and transfer[] the severed claims." Id., *quoting* White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999).

### a. Jurisdiction in the Transferee Court

A federal district court sitting in diversity has personal jurisdiction over a non-resident defendant only to the extent that the laws of the forum state permit it. Colorado's long-arm statute, Colo. Rev. stat. § 13-1-124(1)(a)-(b) (1999), allows a court to exercise personal jurisdiction over non-resident defendants "to the constitutional limits of the due process clause of the Fourteenth Amendment." SGI Air Holdings II LLC v. Novartis Int'l, AG, 192 F. Supp. 2d 1195, 1197 (D. Colo. 2002).

> To comport with due process limitations, a court may exercise personal jurisdiction only over defendants that have "certain minimum contacts [with the jurisdiction] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe [Co. v. State of Washington]*, 326 U.S. [310], 316 ... [(1985)], (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 ... (1940)).

Id. Personal jurisdiction may be invoked over a non-resident defendant on the basis of either general or specific jurisdiction. General jurisdiction is appropriate when the defendant's contacts with the forum are "continuous and systematic" and when the cause of action "arises from the defendant's non-forum related activities." Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 151 (3d Cir. 1995). In contrast, specific jurisdiction is properly exercised when the plaintiff's cause of action arises from the defendant's forum-related activities,

5

"such that the defendant 'should reasonably anticipate being haled into court there.'" Id., *quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

To support a finding that his claims against Kroger and King Soopers could have been brought in the District of Colorado, Plaintiff Langone states only that "The Kroger Co. and King Soopers Inc. have continuous and systematic contacts in Colorado with many supermarkets. The Kroger Co. has 139 supermarkets in Colorado including brands City Market, King Soopers and King Soopers Marketplace." ECF No. 64, p. 5. It therefore appears that Langone is proceeding under the theory that personal jurisdiction is properly invoked over the Kroger Defendants on the basis of general jurisdiction.

Defendants do not dispute that King Soopers owns supermarkets in Colorado and, thus, has continuous and systematic contacts in Colorado, but takes issue with Plaintiff's conclusion that personal jurisdiction over Kroger exists in Colorado. Defendants argue that King Soopers stores are not Kroger stores and that Kroger is merely the parent company of King Soopers which is insufficient to confer personal jurisdiction over Kroger.

The United States District Court for the District of Colorado has found that:

> "[a] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." 18 Am.jur. 2d Corporations § 17 (1965). The mere presence in Colorado of a wholly owned subsidiary, standing alone, does not in and of itself subject the absent parent corporation to the state's jurisdiction, where the two companies are operated as distinct entities. *Bolger v. Dial-A-Style Leasing Corp.*, 159 Colo. 44, 409 P.2d 517, 519 (1966)(citing *Canon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 ... (1925)).

SGI Air Holdings II LLC v. Novartis Int'l, AG, 192 F. Supp. 2d at 1200.

The mere presence of King Soopers in Colorado, therefore, is insufficient to subject Kroger to Colorado's jurisdiction simply because it is King Super's parent company. Plaintiff

6

Langone has not provided any evidence to support a finding that Kroger is anything but a separate company operating as a distinct entity, nor pointed to any circumstances that would justify "disregard of the corporate entity." Id. Rather, Langone appears to be "basing its assertion that the Court has general jurisdiction over Defendants not on Defendants' own continuous and systematic contacts with Colorado, but on Defendants' subsidiaries' continuous and systematic contacts with Colorado." Id. at p. 1198. Thus, while Plaintiff could have brought the instant action against King Soopers in the District of Colorado, he has not made a prima facie showing that the action could have been brought in Colorado against Kroger. Accordingly, it appears that Plaintiff has satisfied the first prong of the transfer inquiry only as to King Soopers.

b.      **The Interest of Justice**

In order to sever and transfer the claims brought against King Soopers under Section 1631, it must be determined whether doing so would be in the interest of justice. As previously discussed, to that end, courts have considered whether transfer would unfairly benefit the proponent; whether transfer would impose an unwarranted hardship on the objector; and whether transferring a particular case would unduly burden the judicial system. D'Jamoos v. Pilatus Aircraft Ltd., 2009 WL 3152188, at *3. All three factors suggest that transferring the claims brought against King Soopers to the District of Colorado is appropriate.

First, there is nothing in the record to suggest that Plaintiff Langone would unfairly benefit from having the claims brought against King Soopers severed and transferred to the District of Colorado. Indeed, transfer would merely allow Langone -- who resides in California, not Colorado -- to pursue his claims against King Soopers, which allegedly sold the tainted jerky treats to Langone. King Soopers has not argued otherwise and, thus, has not rebutted the

7

presumption in favor of transfer. See id. ("[t]ransfer to Colorado provides the Plaintiffs with the benefit of having its day in court, a benefit that can hardly be deemed 'unfair'").

Second, there is nothing in the record from which it can be concluded that transfer to the District of Colorado would impose an unwarranted hardship on King Soopers. In fact, if anything, transferring the case would seemingly benefit King Soopers as it is undisputed that they operate supermarkets and have continuous and systematic contacts in Colorado.

Finally, there is no evidence that transferring the claims brought against King Soopers would unduly burden the judicial system. The burden to the courts would be no different than the burden imposed by any other case or the burden imposed had Langone filed the case in the District of Colorado in the first instance. Defendants have not suggested otherwise and, thus, the presumption in favor of transfer therefore remains un-rebutted.

Indeed, the Kroger Defendants' opposition to Plaintiff's Motion to Transfer is based largely on the argument that it is not in the interest of justice to transfer the claims against the Kroger Defendants because the improper forum was chosen due to Plaintiff Langone's own lack of due diligence and failure to conduct even a minimal investigation. The Kroger Defendants contend that Plaintiff's pursuit of litigation in two improper forums, despite the obvious lack of jurisdiction in either California or Pennsylvania, and Plaintiff's present admission that personal jurisdiction is lacking in Pennsylvania, evidences a certain willfulness and/or bad faith from which Plaintiff should not be permitted to benefit.

Although, to be sure, the lack of personal jurisdiction over the Kroger Defendants in both California and Pennsylvania could have been determined relatively easily, there is no evidence of bad faith. Indeed, Langone "had nothing to gain - and much to lose- by filing [his case] in the wrong court." Britell v. United States, 318 F.3d at 75. Moreover, although not a model of

8

clarity, Langone appears to suggest that, because Defendants sought to transfer the case from the Northern District of California to the Western District of Pennsylvania so that it could be consolidated with the first-filed *Mazur* case, he was under the impression that Defendants were willing to waive personal jurisdiction in this Court, which precipitated his withdrawing the action in California and re-filing it here. Notwithstanding the fact that Defendants did not seek to transfer the case against the Kroger Defendants from California to Pennsylvania but sought their dismissal from the California action for lack of personal jurisdiction, under the circumstances, it cannot be said that Plaintiff acted in bad faith by re-filing the entire case in the Western District of Pennsylvania.

Further, as found by the United States Court of Appeals for the First Circuit, Section 1631 was enacted to "protect[] litigants against both statutory imprecision and lawyers' errors [and] also offers a practical alternative to the prophylactic, but inordinately wasteful, precaution of double filing." The Court also found that "it furthers the salutary policy favoring the resolution of cases on the merits." Id. at 74, *citing* Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992). See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (transfer is presumptively preferable because the dismissal of an action or appeal that might thrive elsewhere is not only resource-wasting but also justice-defeating). See also D'Jamoos v. Pilatus Aircraft LTD, 2009 WL 3152188, at *3 ("[i]t is irrelevant to this analysis that the case was originally brought in the wrong court or courts. In fact, that is the very defect that § 1631 was enacted to correct"). Under these circumstances, it appears that the claims against King Soopers are properly severed from the case and transferred to the District of Colorado.

9

### 2. Plaintiff Langone's Motion to Stay Briefing Schedule on Defendants' Motion to Dismiss (ECF No. 72)

Conceding that this Court does not have personal jurisdiction over the Kroger Defendants, Plaintiff Langone asks that the Court stay the briefing schedule on Defendants' Motion to Dismiss so that the District Court for the District of Colorado can address the issues raised therein relative to the Kroger Defendants. Langone's Motion in this regard is moot. Notwithstanding the Court's above recommendations, Langone's response to the Kroger Defendants' Motion to Dismiss was due and, in fact, was filed on September 9, 2013. ECF No. 89. Consequently, there is no need to stay the briefing schedule.

### 3. Defendants' Motion to Dismiss (ECF No. 66)

As previously discussed, Defendants Milo's, Del Monte and the Kroger Defendants filed a Motion to Dismiss on August 2, 2013, asking the Court to, *inter alia*, dismiss the Kroger Defendants from the case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. ECF No. 66. Having found that the claims brought against King Soopers should be severed and transferred to the District of Colorado, that portion of the Motion to Dismiss should be dismissed as moot.

With respect to Defendant Kroger, Plaintiff Langone has unequivocally acknowledged in his Motion to Stay Briefing that "[t]his Court does not have personal jurisdiction over Defendants The Kroger Co. . . . ." ECF No. 72, p. 2, ¶ 6. In light of Langone's concession that this Court lacks personal jurisdiction over Kroger, Defendants' Motion to Dismiss in this regard is properly granted.[4]

---

[4] It should be noted here that Langone's belated argument in his Memorandum in Opposition to Defendants' Motion to Dismiss that the Supply Agreement entered into between Del Monte and Third Party-Defendant Nova World Inc. *may* confers personal jurisdiction over Kroger because Nova World in located in this District and the Supply Agreement contemplates the production of Milo's Kitchen Chicken Jerky for Kroger is unpersuasive. See ECF No. 89, pp. 3-5. Langone provides no authority for his theory and his reference to the record -- "Comp. at 20" -- is

C.  **CONCLUSION**

For the foregoing reasons, is respectfully recommended that Plaintiff Langone's Motion to Transfer Under 28 U.S.C. § 1631, ECF No. 63, be granted as to Defendant King Soopers and denied as to Defendant Kroger, and that Plaintiff's Motion to Stay Briefing on the Kroger Defendants' Motion to Dismiss, ECF No. 72, be dismissed as moot. It is also recommended that the Motion to Dismiss filed by Defendants, ECF No. 66, be dismissed as moot insofar as it pertains to Defendant King Soopers, and granted to the extent Defendants seek dismissal of Defendant Kroger for lack of personal jurisdiction.[5]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: October 10, 2013

---

completely unhelpful as there is no page 20 in the Third Party Complaint filed by Del Monte, C.A. No. 12-1011, ECF No. 78, and paragraph 20 in the Third-Party Complaint merely states the effective dates of the Supply Agreement. Id. at ¶ 20. Nor is there a page 20 in Langone's Complaint filed at C.A. 13-709, see ECF No. 1, and paragraph 20 in his Complaint merely states Langone's purported basis for jurisdiction over the Kroger Defendants which he has subsequently disavowed. Id. at ¶ 20. Langone, therefore, has failed to overcome his representation that this Court lacks personal jurisdiction over Kroger and Kroger should be dismissed from the case.

[5] The remainder of the Motion to Dismiss as it pertains to Defendants Milo's and Del Monte will be addressed in a separate Report and Recommendation.

cc: The Honorable Cathy Bissoon
United States District Judge

All counsel of record via CM/ECF