IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re Milo's Kitchen Dog Treats )
Consolidated Cases, )
) Civil Action No. 12-1011
)
) Judge Cathy Bissoon
) Magistrate Judge Maureen P. Kelly
)
) Re: ECF No. 101
)
)

## AMENDED MEMORANDUM OPINION AND ORDER

**KELLY, Magistrate Judge**

This consolidated action, merged solely for the purpose of pretrial proceedings, is comprised of four cases brought against Defendants Milo's Kitchen, LLC ("Milo's") and Del Monte Corporation d/b/a Del Monte Foods ("Del Monte") (collectively, "Defendants"), which manufacture, market, distribute and/or sell chicken jerky dog treats. The four individual cases have been brought by customers who purchased the treats and whose dogs became sick and/or died after consuming the treats.[1]

On August 8, 2013, Defendants filed a Third Party Complaint, ECF No. 78, against Nova World, Inc. ("Nova World"), alleging that, pursuant to a Supply Agreement entered into between Del Monte and Nova World, Nova World was the exclusive manufacturer of the chicken jerky dog treats sold by Del Monte and that Nova Worlds breached the Supply Agreement by failing to manufacture the product in accordance with the terms set forth therein. Nova World filed a Motion to Stay Action as to the Third-Party Complaint of Del Monte Corporation and Milo's Kitchen, LLC and Compel Arbitration Pursuant to the Federal Arbitration Act ("the Motion"),

---

[1] C.A. No. 12-1011 has been brought by Plaintiff Lisa Mazur; C.A. No. 13-518 has been brought by Plaintiff Maxine S. Ruff; C.A. No. 13-519 has been brought by Plaintiff Mary Emily Funke; and C.A. No. 13-709 has been brought by Plaintiff Christopher V. Langone ("Langone").

ECF No. 101, on October 17, 2013, which is presently before the Court. For the reasons that follow, the Motion will be granted.[2]

I.   **STANDARD OF REVIEW**

In deciding a motion to compel arbitration, the inquiry, like that in deciding a motion for summary judgment, is whether there is a "'genuine issue of fact concerning the formation of the agreement' to arbitrate." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 159 (3d Cir. 2009), *quoting* Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir. 1980). Only where no such issue exists should the motion be granted. Id. "In making this determination, the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" Id.

II.   **DISCUSSION**

It is undisputed that the Supply Agreement at issue contains an arbitration clause which provides that:

> **MEDIATION AND ARBITRATION:** If any dispute or disagreement arises between the parties in respect of this Agreement, they must follow the procedures set forth herein. The party claiming that such a dispute exists must give notice in writing ("Notice of Dispute") to the other party of the nature of the dispute. Within ten (10) days of issuance of the Notice of Dispute, representatives of the parties must meet in a good faith effort to resolve the dispute. If any dispute remains unresolved twenty (20) days after issuance of the Notice of Dispute, then either party may demand that such dispute be resolved by binding arbitration conducted in accordance with the Rules for Commercial Arbitration of the American Arbitration Association ("AAA"), as amended from time to time.

---

[2] It is well-settled that a motion to stay is a non-dispositive matter and appropriately ruled upon by a federal magistrate judge. See Ball v. SCI Muncy, 2012 WL 2805019, at *1 (M.D. Pa. July 10, 2012); Delta Frangible Ammunition, LLC v. Sinterfire, Inc., 2008 WL 4540394, at *1 n. 1 (W.D. Pa.Oct.7, 2008). See also 28 U.S.C. § 636(b)(1). With respect to a motion to compel arbitration, the only federal appeals court to address the matter is the United States Court of Appeals for the First Circuit which has found that, because the court still retains authority after the arbitration has run its course to make orders with respect to the arbitral award, it is properly considered a non-dispositive motion. Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). Although the district courts that have decided the issue are divided, see Chatman v. Pizza Hut, Inc., 2013 WL 2285804, at *2 n.1 (N.D. Ill. May 23, 2013), this Court finds the First Circuit's reasoning persuasive. Accordingly, this Memorandum Opinion and Order follows.

> Arbitration shall take place before a single arbitrator mutually selected by the parties, and the prevailing party shall be awarded its costs and reasonable attorneys' fees. The place for arbitration shall be San Francisco, California. In the event the parties are unable to reach agreement on an arbitrator within fifteen (15) days of a demand for arbitration made by one party to the other, the AAA shall select the arbitrator upon application by either party.

ECF No. 78-3, p. 20, ¶ 20.

Nova World contends that because the claims raised by Defendants in the Third-Party Complaint are premised on allegations of malfeasance by Nova World under the Supply Agreement, they are "in respect of" the Supply Agreement and covered by the arbitration clause. Accordingly, Nova World argues that Del Monte is obligated to arbitrate its claims and should be compelled to do so by this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

> The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"), creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes. . . . In particular, the FAA provides that as a matter of federal law "[a] written provision" in a maritime or commercial contract showing an agreement to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 522 (3d Cir. 2009) (internal citations omitted). Although there is a strong federal policy favoring arbitration, the FAA nevertheless requires the court to first determine: (1) whether the parties entered into a valid agreement to arbitrate; and (2) whether the dispute at issue falls within the scope of that agreement. Id. at 523, *citing* Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d at 160.

In this case, Defendants do not dispute that the arbitration clause contained in the Supply Agreement is valid and enforceable. They do dispute, however, whether the claims raised in the Third-Party Complaint fall within the scope of the Supply Agreement and thus whether they are subject to the arbitration clause. In particular, Defendants argue that the language requiring that

only disagreements arising "in respect of this Agreement" be arbitrated must be narrowly construed, and that the dispute in this case -- whether the chicken jerky treats were contaminated or otherwise defective -- have nothing to do with the Supply Agreement. The Court disagrees.

First, Defendants have not provided the Court with any authority, nor has the Court uncovered any, to support their position that the language "in respect of this Agreement" should be construed any more narrowly than language typically found in arbitration clauses, *i.e.*, that it covers disputes "arising out of or relating to" the agreement. Rather, Defendants simply conclude that "arising out of or relating to" reflects the parties' intent to submit all disputes to arbitration while "in respect of this Agreement" indicates the parties intent to arbitrate only a limited number of disputes. Defendants' argument appears to be based on the mere fact that the language differs. The fact that the language is not identical, however, does not by itself require the conclusion that "in respect of" should be construed more narrowly. Indeed, if anything, the Court finds that "in respect of this Agreement" to be the broader language.

Second, contrary to Defendants' argument, the Court finds that the claims raised in the Third-Party Complaint are very much entwined in the Supply Agreement. Defendants have alleged in the Third-Party Complaint, and review of the Supply Agreement confirms, that pursuant to the Supply Agreement, Nova World and/or its subcontractors, agents or representatives manufactures, processed and prepared the chicken jerky treats sold by Del Monte; that Nova World was to provide all the required ingredients, material and equipment necessary to manufacture the chicken jerky treats; that Nova World was required to manufacture the treats pursuant to Del Monte's specifications and agreed to use materials which conformed to those specifications; that the specifications require that the products and/or materials used shall conform in every respect to the requirements of the Federal, Food, Drug and Cosmetic Act, State

4

Regulations; that Nova World was to comply with all applicable laws, rules and regulations including those pertaining to product safety and health; and that Nova World guaranteed that no product sold to Del Monte would be adulterated or misbranded. ECF No. 78, ¶¶ 23-30. See ECF No. 78-3. Defendants further allege that Plaintiff's claims, if proven, "arise (whether in whole or part) out of Nova World's conduct pursuant to the terms of the Supply Agreement and engaging in other acts and omissions in violation of the Supply Agreement," and that Nova World's breach of the Supply Agreement has and will cause Del Monte to incur significant expenses. Id. at ¶¶ 31, 32. Moreover, Del Monte has alleged, and the Supply Agreement provides, that Nova World has agreed to indemnify Del Monte against any claim, loss, damage, liability or expense for bodily injury, death, property damage or damage to brand reputation . . . where such injury, death or damage is caused by any Products, ingredients or materials furnished by [Nova World] . . . not in compliance with Specifications, and by any negligence of [Nova World], or by any act or omission on part of [Nova World] . . . in violation of this [Supply Agreement]. Id. at ¶¶ 33, 34. See ECF No. 78-3. Accordingly, Del Monte has brought claims against Nova World for contribution (Count I), contractual indemnification (Count II), implied indemnification (Count III), breach of contract (Counts IV and V), breach of express warranty (Count VI), breach of implied Warranty (Count VII), and breach of implied warranty of fitness for a particular purpose (Count VIII).

Thus, all of the claims raised in the Third-Party Complaint are based on Nova World's alleged violations of the Supply Agreement. Under these circumstances it is difficult to give any countenance to Defendants' argument that their claims brought against Nova World, fall outside

the scope of the Supply Agreement.³ Because the dispute between Del Monte and Nova World clearly fall within the scope of the Supply Agreement, they are subject to the arbitration clause.

Del Monte nevertheless argues that Nova World's Motion should be denied because Nova World failed to comply with the provisions of the arbitration clause requiring that a Notice of Dispute be given and a meeting be convened within ten days in an effort to resolve the issue before a demand for arbitration may be made.

The record shows that Nova World contacted Del Monte by letter dated January 25, 2013, indicating therein that the Supply Agreement required the parties to meet and confer about any disputes that arise out of the Supply Agreement and that Nova World would like to arrange such a meeting in the near future.⁴ ECF No. 125-2, p. 2. Del Monte responded in a letter dated January 31, 2013, stating that it recognized, and was amenable to, its obligation under the Supply Agreement to meet and confer and invited Nova World to contact Del Monte to schedule such a meeting. ECF No. 125-2, p. 8. Del Monte also referenced "the alternative possibility of litigation." Id. On February 8, 2013, Nova World responded in a letter dated February 8, 2013, stating that it "shares Del Monte's interest in having an open and honest discussion about the issues . . . but continues to contend that more information is necessary in order to have that meeting. Id. at p. 9. Nova World reiterates at the end of the letter that it wishes to invoke the meet and confer provision contained in the Supply Agreement but "must have the entirety of the information available to Del Monte before arranging the meeting." Id. at pp. 10-11. The next contact is memorialized in an e-mail from Nova World, apparently in response to an e-mail for

---

³ Moreover, contrary to Defendants' argument, the fact that Nova World has a duty to produce safe dog treats under the FDA regulations and/or tort law and would have a duty to indemnify Del Monte irrespective of the Supply Agreement, neither negates the terms of the Supply Agreement and Nova World's obligations thereunder nor the fact that the claims raised by Defendants in the Third-Party Complaint are "in respect of" the Supply Agreement.
⁴ Contrary to Nova World's suggestion in its Reply Brief, it did not provide available dates to meet and confer in its January 25, 2013 letter. See ECF No. 125-1, p. 3; ECF No. 125-2, p. 4.

Del Monte, in which counsel for Nova World indicates that he could be in San Francisco on various dates in April and May, 2013. Id. at p. 12. It is apparent from the e-mail, however, that Del Monte had already filed the Third-Party Complaint against Nova World. Id.

Although no document expressly entitled a "Notice of Dispute" was provided by either party to the other, it is apparent from the above correspondence that both parties were well aware of the nature of the dispute and were cognizant of and proceeding under the arbitration clause. Although it is not at all clear why the requisite meeting did not take place, it appears that both parties have been recalcitrant in arranging a specific time to meet and confer and that more than twenty days have passed since "notice" of the dispute was given. Under these circumstances, the Court declines to find Nova World's demand for arbitration premature.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion will be granted.[5] Accordingly, the following Order is entered:

AND NOW, this 17th day of December, 2013, upon consideration of Nova World's Motion to Stay Action as to the Third-Party Complaint of Del Monte Corporation and Milo's Kitchen, LLC and Compel Arbitration Pursuant to the Federal Arbitration Act, ECF No. 101,

IT IS HEREBY ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED that the action as to the Third-Party Complaint filed by Del Monte Corporation and Milo's Kitchen, LLC against Nova World, Inc. and the counterclaim filed by Third-Party Defendant Nova World, Inc. is STAYED;

---

[5] In so finding, the Court is cognizant of the fact that Milo's is not a signatory to the Supply Agreement and thus is not obligated to arbitrate any claims it purports to have against Nova World. As pointed out by Nova World, however, the Third-Party Complaint is completely devoid of any facts to support a claim by Milo's against Nova World. As such, notwithstanding the fact that the Third Party Complaint was brought on behalf of Del Monte and Milo's, it does not appear that there will be any conflict or prejudice to any party by compelling Del Monte to arbitrate its claims against Nova World.

IT IS FURTHER ORDERED that Defendant Del Monte Corporation and Third-Party Defendant Nova World, Inc. are hereby COMPELLED to submit their dispute to arbitration in accordance with the terms of the Supply Agreement;

IT IS FINALLY ORDERED that this Order shall in no way affect the action as between Plaintiffs and Defendants Del Monte Corporation and Milo's Kitchen, LLC, including obtaining any appropriate discovery from Nova World, if necessary.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

All counsel of record via CM/ECF