IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Milo's Kitchen Dog Treats Consolidated Cases, | ) ) ) Civil Action No. 12-1011 ) ) Judge Cathy Bissoon ) Magistrate Judge Maureen P. Kelly ) ) Re: ECF No. 177 ) ) |

## SUPPLEMENTAL ORDER

**KELLY, Chief Magistrate Judge**

On March 12, 2015, Defendants filed a Motion to Compel Unredacted Facebook Data File and Production of Username and Password, ECF No. 177, in which they argued, *inter alia*, that they were entitled to discover the particulars of Facebook messages between Plaintiff and Kristen Corcoran, who is purported to be a putative class member in this case. Plaintiff had previously produced a copy of the Facebook messages but redacted certain portions because the messages revolved around "specific advice given by class counsel as to the litigation and its progress" and thus, Plaintiff argued, was subject to the attorney-client privilege under the common interest doctrine. ECF No. 178-1, p. 28. On April 14, 2015, this Court issued an Order denying Defendants' Motion to Compel but nevertheless ordered Plaintiff to provide the Court with the un-redacted pages of her Facebook account relative to the communications with Ms. Corcoran for an *in camera* inspection. ECF No. 177. Plaintiff produced the un-redacted Facebook message to the Court on April 28, 2015, as directed. This Supplemental Order addresses whether the Facebook messages at issue are, in fact, subject to the attorney client privilege under the common interest doctrine or whether, having seemingly waived the attorney

client privilege by disclosing allegedly protected communications to Ms. Corcoran, Plaintiff should be required to produce the Facebook messages to Defendants in its entirety. After review of the un-redacted Facebook messages, and after careful consideration of the arguments previously advanced by the parties, the Court finds that Plaintiff has failed to demonstrate that the common interest doctrine applies. Accordingly, Plaintiff's Facebook messages with Ms. Corcoran that are the subject of the instant motion are not protected by the attorney client privilege and should be produced in full.

As previously set forth by this Court, "[t]he common interest doctrine is an exception to the general rule that the attorney-client privilege is waived upon disclosure of privileged information with a third party." Katz v. AT&T Corp., 191 F.R.D. 433, 436-37 (E.D. Pa. 2000). See In re Teleglobe Commc'ns Corp., 493 F.3d 345, 361 (3d Cir. 2007), *as amended* (Oct. 12, 2007) ("[d]isclosing a communication to a third party unquestionably waives the privilege"). The common interest privilege protects from disclosure communications made by parties with a common interest to each other in furtherance of a joint defense to litigation. Rosser Int'l, Inc. v. Walter P. Moore & Associates, Inc., 2013 WL 3989437, at *14 (W.D. Pa. Aug. 2, 2013). See In re Teleglobe Communications Corp., 493 F.3d 345 (3d Cir.2007). To invoke the joint defense agreement or common interest privilege the party asserting the privilege must demonstrate that: (1) the parties have agreed to a joint defense effort; (2) the parties have a common-interest in the litigation or a jointly shared litigation strategy; (3) the communications were made pursuant to such agreement; and (4) the continued confidentiality of the communications, i.e., the communications were not disclosed to other third parties such that the privileges were waived. Rosser Int'l, Inc. v. Walter P. Moore & Associates, Inc., 2013 WL 3989437, at *19. See Serrano v. Chesapeake Appalachia, 298 F.R.D. 271, 284 (W.D. Pa. 2014).

Here, Plaintiff has failed to demonstrate these factors. Although Plaintiff and Ms. Corcoran clearly have a common interest in this litigation, Plaintiff have not submitted any evidence, or even advanced the argument, that she and Ms. Corcoran agreed to a joint defense effort or a shared litigation strategy. It therefore follows that their communications could not have been made pursuant to such an agreement. In addition, no evidence has been provided to the Court that Ms. Corcoran had formally opted-in to the prospective class at the time or formally engaged counsel to represent her. Further, it is not at all clear to the Court that, having been posted on Facebook, the communications between Plaintiff and Ms. Corcoran were not disclosed to other third parties. Under these circumstances, the common interest doctrine does not rectify Plaintiff's waiver of the attorney client privilege or serve to protect the Facebook message between Plaintiff and Ms. Corcoran from discovery.

Accordingly, the following Order is entered:

AND NOW, this 14th day of May, 2015, IT IS HEREBY ORDERED that Plaintiff shall produce to Defendants the entire Facebook message between herself and Ms. Corcoran in its un-redacted form on or before May 29, 2015.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

All counsel of record via CM/ECF